IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF TENNESSEE
WESTERN DIVISION

| | |
|---|---|
| OUTDOOR OPTICS, INC. d/b/a/ OLYMPIC OPTICAL CO.<br><br>Plaintiff,<br><br>v.<br><br>DAISY MANUFACTURING COMPANY, INC.<br><br>Defendant. | Civil Action No. 05-2185 D<br>Hon. Bernice Donald |

## STIPULATION AND PROTECTIVE ORDER

IT IS HEREBY STIPULATED AND AGREED, subject to the approval of the Court, as follows:

1. CONFIDENTIAL INFORMATION, as defined herein, disclosed by plaintiff, defendant, or a third party (hereinafter "producing party") to any other party (hereinafter "receiving party") pursuant to discovery in this action shall be used solely for purposes of this action.

2. Each page of each document produced pursuant to discovery in this action shall bear a unique identifying number.

3. As used herein, CONFIDENTIAL INFORMATION refers to information that a producing party claims in good faith constitutes or discloses or relates to processes, operations, research, technical or developmental information, or production, marketing, sales, shipment or other proprietary data or information of commercial value, including but not limited to trade secrets. Such information may be designated as CONFIDENTIAL. Information to be treated under this Protective Order as CONFIDENTIAL INFORMATION shall include:

This document entered on the docket sheet In compliance
with Rule 58 and/or 79(a) FRCP on 7-13-05

a. Information set forth in responses to discovery requests made under Fed. R. Civ. P. 31, 33, or 36, or in documents produced for inspection under Fed. R. Civ. P. 33(d) or 34, provided that, prior to delivery to the receiving party, the responses or copies of documents are marked by the producing party with the following legend:

CONFIDENTIAL

b. Information revealed during a deposition upon oral examination under Fed. R. Civ. P. 30, if the producing party has (i) indicated on the record or in writing at the time the deposition was taken or prior to the preparation of the transcript, that portions of the deposition contain CONFIDENTIAL INFORMATION and (ii) has instructed the court reporter prior to preparation of the transcript to indicate on the face page of the deposition that it contains CONFIDENTIAL INFORMATION; or (iii) has notified opposing counsel in writing within three (3) days after the completion of the deposition that the deposition contains CONFIDENTIAL INFORMATION.

4. Access to information designated as CONFIDENTIAL shall be limited to the following persons:

a. Outside counsel of record for a receiving party and stenographic, clerical, and legal assistant employees, and agents of those attorneys whose functions require access to CONFIDENTIAL INFORMATION;

b. Outside experts or consultants for a receiving party whose advice and consultation are being or will be used by such party solely in connection with this action, including their stenographic and clerical personnel; provided that disclosure to such experts or consultants and their stenographic and clerical personnel shall be made only on the following conditions:

2

(i) Counsel desiring to disclose CONFIDENTIAL INFORMATION to such experts or consultants shall first obtain a signed *Agreement to Abide by Stipulation and Protective Order* in the form of Exhibit A attached hereto from each such expert or consultant who would require access to CONFIDENTIAL INFORMATION, and counsel shall retain in his file the original of each such signed *Agreement to Abide by Stipulation and Protective Order*.

(ii) No CONFIDENTIAL INFORMATION shall be disclosed to such expert or consultant until after the expiration of a five (5) day period commencing with the service by facsimile upon counsel for the producing party from the expert or consultant of a copy of the signed *Agreement to Abide by Stipulation and Protective Order* and curriculum vitae of the expert or consultant. During the five (5) day period after such service, counsel for the producing party may object in good faith to such disclosure. In the event of any such objection, there shall be no disclosure of CONFIDENTIAL INFORMATION to such expert or consultant, except by further order of the Court or by agreement of the parties. If the parties are unable to reach any agreement over the disclosure of CONFIDENTIAL INFORMATION to the expert or consultant, the objecting party shall request by motion that the Court issue an order precluding the disclosure of CONFIDENTIAL INFORMATION to the expert or consultant. In the event of the filing of any such motion, there shall be no disclosure of CONFIDENTIAL INFORMATION to the expert or consultant, pending resolution of the motion by the Court; and

c. the Court and its authorized staff, court reporters, and the jury;

d. outside copying and exhibit preparation services.

e. Any additional persons agreed to in writing by the producing party with respect to any or all of the Confidential Material, it being understood that the receiving party reserves the right to present to the Court (after informal efforts to resolve such dispute have failed) a request

3

to allow, on a showing of necessity, additional persons to view any or all of the Confidential Material.

5. CONFIDENTIAL INFORMATION shall not be made public by the receiving party, shall be used only by persons permitted access to it under Paragraph 4 and shall be disclosed only to persons specified in Paragraph 4.

6. If CONFIDENTIAL INFORMATION is to be filed with the Court in connection with any proceedings herein, it shall be filed in a sealed envelope marked with the caption of the case and the following legend, or shall otherwise be filed under seal in accordance with the Local Rules or practices of the court in which the information is filed:

> "Contains CONFIDENTIAL INFORMATION
> To Be Opened Only By Or As Directed By The Court
> *Olympic Optical Co. v. Daisy Manufacturing Company, Inc.*
> Civil Action No. 05-2185 D"

In addition, any document that is to be filed with the Court and that contains CONFIDENTIAL INFORMATION shall be marked "FILED UNDER SEAL" on its cover page.

7. The acceptance of CONFIDENTIAL INFORMATION by the parties shall not constitute an admission or concession or permit an inference that the CONFIDENTIAL INFORMATION is in fact confidential. Any receiving party may at any time request that the designating party cancel the CONFIDENTIAL designation with respect to any document, object or information. Such request shall be made to counsel for the designating party, and shall particularly identify the designated CONFIDENTIAL INFORMATION that the receiving party contends is not confidential and the reasons supporting its contention. If the designating party does not agree to remove the CONFIDENTIAL designation, then the party contending that such documents or information are not confidential may request by motion that the Court remove such

information from the restrictions of this Order. The burden of demonstrating that the information is confidential shall be on the designating party.

8. This *Stipulation and Protective Order* shall not prevent a party from attempting to examine as witnesses, at depositions and at trial, persons who are not authorized to receive CONFIDENTIAL INFORMATION, as identified herein, so long as such examination concerns CONFIDENTIAL INFORMATION to which the witness previously had authorized access or of which the witness has prior knowledge, as demonstrated by foundation testimony during the deposition or trial. This Stipulation and Protective Order shall not prevent counsel from examining a witness to determine whether he or she has prior knowledge of CONFIDENTIAL INFORMATION, so long as such examination shall be in a manner that does not disclose the details of the CONFIDENTIAL INFORMATION. Confidential Information of a producing party may be used to examine, at deposition and at trial (or other court hearing), any person who is or has in the past been employed by or affiliated with the producing party.

9. CONFIDENTIAL INFORMATION may be used in testimony at trial, at any motion hearing, and at depositions, and may be offered in evidence at trial or at any motion hearing, all subject to any further Order regarding confidentiality as this Court may enter, and may be used to prepare for and conduct discovery, to prepare for trial and to support or oppose any motion but may not be used for any other purpose except as expressly provided herein or by further Order of the Court.

10. Nothing in this Order shall bar or otherwise restrict any attorney from rendering advice to a party-client in this action and in the course thereof, relying upon such attorney's examination of CONFIDENTIAL INFORMATION; provided, however, that in rendering such

advice and in otherwise communicating with such client, the attorney shall not disclose any CONFIDENTIAL INFORMATION to unauthorized persons.

11. The disclosure by a producing party of CONFIDENTIAL INFORMATION by way of delivering responses to discovery requests, delivering copies of documents, disclosing deposition testimony or otherwise, without the designation required by paragraph 3, shall constitute a waiver of any claim of confidentiality, except in the situation where (a) such disclosure resulted from inadvertence or mistake on the part of the producing party, (b) such inadvertent or mistaken disclosure has been brought to the attention of the receiving party promptly after discovery of such disclosure, but not later than ten (10) days after such discovery, and (c) within ten (10) days of such discovery, the producing party has provided properly marked documents. Upon such notice, and upon receipt of properly marked documents, the materials shall be treated as confidential and the receiving party shall return said unmarked documents and things to the extent practicable, and shall not retain copies thereof and shall treat information contained in said documents and things and any summaries or notes thereof as CONFIDENTIAL INFORMATION.

12. Should any CONFIDENTIAL INFORMATION be disclosed, through inadvertence or otherwise, by the receiving party to any person or party not authorized under this *Stipulation and Protective Order*, then the receiving party shall (a) use its best efforts to obtain the return of any such CONFIDENTIAL INFORMATION and to bind such person to the terms of this *Stipulation and Protective Order*; (b) within three (3) days of the discovery of such disclosure, inform such person of all provisions of this *Stipulation and Protective Order*; (c) within five (5) days of the discovery of such disclosure, identify such person to the producing party; and (d) request such person to sign the *Agreement to Abide by Stipulation and Protective Order* in the

form attached hereto as Exhibit A. The executed agreement shall be served upon counsel of record for the producing party within five (5) days of its execution by the party to whom CONFIDENTIAL INFORMATION was disclosed.

13. Nothing in this *Stipulation and Protective Order* shall require disclosure of information which counsel contends is protected from disclosure by the attorney-client privilege or the attorney work-product immunity, or where such information has been designated confidential by a third party in another litigation.

14. If information subject to a claim of attorney-client privilege or work product immunity is inadvertently or mistakenly produced, such production shall in no way prejudice or otherwise constitute a waiver of, or estoppel as to, any claim of privilege or work-product immunity for such information provided that the producing party requests the return of such inadvertently or mistakenly produced documents within thirty (30) days after their production.

15. The restrictions and obligations set forth in this *Stipulation and Protective Order* relating to CONFIDENTIAL INFORMATION shall not apply to any information which (a) the parties agree, or the Court rules, is already public knowledge, (b) the parties agree, or the Court rules, has become public knowledge other than as a result of disclosure by the receiving party, or (c) is in the receiving party's legitimate possession independently of the producing party. Such restrictions and obligations shall not be deemed to prohibit discussions with any person of CONFIDENTIAL INFORMATION if said person already has legitimate possession thereof.

16. This *Stipulation and Protective Order* shall not prevent any party from applying to the Court for relief therefrom, or from applying to the Court for further or additional protective orders. Nothing herein shall prevent any party from disclosing or using its own Confidential Information in any manner that it considers appropriate.

17. This *Stipulation and Protective Order* shall survive the termination of this action.

18. After final termination of this action, the counsel designated in paragraph 4(a) hereof for the receiving party may each retain one archival copy of deposition exhibits, Court exhibits, documents and other materials submitted to the Court, deposition transcripts and transcripts of court proceedings, one copy or sample of the CONFIDENTIAL INFORMATION produced by opposing counsel for reference in the event of a dispute over the use or dissemination of information, and CONFIDENTIAL INFORMATION to the extent it includes or reflects an attorney's work product. Such material shall continue to be treated as CONFIDENTIAL INFORMATION under this *Stipulation and Protective Order*. After final termination of this action, counsel for the receiving party either shall return all additional CONFIDENTIAL INFORMATION in his possession, custody or control or in the custody of any authorized agents, outside experts and consultants retained or utilized by counsel for the receiving party to counsel for the party who has provided such CONFIDENTIAL INFORMATION in discovery or shall certify destruction thereof to such counsel. As to CONFIDENTIAL INFORMATION reflected in computer databases or backup tapes, the receiving party shall delete all such CONFIDENTIAL INFORMATION or shall impose passwords or designate the information in a manner reasonably calculated to prevent unauthorized access to the CONFIDENTIAL INFORMATION.

19. If a third party provides discovery to any party in connection with this action, and if the third party so elects, then the provisions of this *Stipulation and Protective Order* apply to such discovery as if such discovery were being provided by a party. Under such circumstances, the third party shall have the same rights and obligations under this *Stipulation and Protective Order* as held by the parties to this action.

20. By entering this order and limiting the disclosure of information in this case, the Court does not intend to preclude another court from finding that information may be relevant and subject to disclosure in another case. Any person or party subject to this order who becomes subject to a motion to disclose another party's information designated "confidential" pursuant to this order shall promptly notify that party of the motion so that the party may have an opportunity to appear and be heard on whether that information should be disclosed.

Respectfully submitted,

By: _____
Robert E. Craddock, Jr.
Douglas A. Black
WYATT, TARRANT & COMBS, LLP
1715 Aaron Brenner Drive
Suite 800
Memphis, TN 38120
(901) 537-1000

G. Franklin Rothwell
Minaksi Bhatt
ROTHWELL, FIGG, ERNST & MANBECK, P.C.
1425 K Street, N.W.
Suite 800
Washington, D.C. 20005
(202) 783-6040

*Attorneys for Outdoor Optics, Inc. d/b/a Olympic Optical Co. and Olympic Optical LLC*

Dated: July 7, 2005

9

By: *[signature]*

Leah Hall Speed
Danny Awdeh
BAKER, DONELSON, BEARMAN,
    CALDWELL & BERKOWITZ, PC
20th Floor, First Tennessee Building
165 Madison Avenue
Memphis, TN 38103
(901) 526-2000

Stephen E. Roth
BAKER, DONELSON, BEARMAN,
    CALDWELL & BERKOWITZ, PC
Suite 2200
900 South Gay Street
Knoxville, TN
(865) 971-5172

*Attorneys for Defendant*
*Daisy Manufacturing Company*

Dated: July ___, 2005

SO ORDERED this 8th day of July, 2005.

*[signature]*
The Honorable Bernice Donald

10

**EXHIBIT A**

## IN THE UNITED STATES DISTRICT COURT
## FOR THE WESTERN DISTRICT OF TENNESSEE
## WESTERN DIVISION

| | |
|---|---|
| OUTDOOR OPTICS, INC. d/b/a/ OLYMPIC OPTICAL CO. ) ) ) ) Plaintiff, ) ) v. ) ) ) DAISY MANUFACTURING COMPANY, INC. ) ) Defendant. ) | Civil Action No. 05-2185 D Hon. Bernice Donald |

## AGREEMENT TO ABIDE BY STIPULATION
## AND PROTECTIVE ORDER

I, _____, have read the *Stipulation and Protective Order* applicable to the above-captioned action. I understand its terms and agree to be fully bound by them, and hereby submit to the jurisdiction of the United States District Court for the Western District of Tennessee, Western Division, for purposes of the enforcement of the *Stipulation and Protective Order*. I understand, in particular, that any Confidential Material, and any copies, excerpts or summaries thereof and materials containing information derived therefrom, as well as any knowledge or information derived from any of the aforementioned items, may be used only for purposes of this litigation and may not be used for any other purpose, including without limitation, any business or commercial purpose. I further understand that failure to abide fully

by the terms of the *Stipulation and Protective Order* may result in legal action against me, including being held in contempt of court and liability for monetary damages.

DATED: _____      AGREED: _____
                                            Printed Name:
                                            Role in this litigation:
                                            Address:

                                            Telephone Number:



# Notice of Distribution

This notice confirms a copy of the document docketed as number 21 in case 2:05-CV-02185 was distributed by fax, mail, or direct printing on July 13, 2005 to the parties listed.

___

Lea Hall Speed
BAKER DONELSON BEARMAN CALDWELL & BERKOWITZ
165 Madison Ave.
Ste. 2000
Memphis, TN 38103

G. Franklin Rothwell
ROTHWELL FIGG ERNST & MANBECK
1425 K Street, N.W.
Ste. 800
Washington, DC 20005

Stephen Roth
BAKER DONELSON BEARMAN & CALDWELL
900 S. Gay St.
Ste. 2200
Knoxville, TN 37902

Robert E. Craddock
WYATT TARRANT & COMBS
P.O. Box 775000
Memphis, TN 38177--500

Douglas A. Black
WYATT TARRANT & COMBS
P.O. Box 775000
Memphis, TN 38177--500

Minaksi Bhatt
ROTHWELL FIGG ERNST & MANBECK
1425 K Street, N.W.
Ste. 800
Washington, DC 20005

Danny M. Awdeh
BAKER DONELSON BEARMAN CALDWELL & BERKOWITZ
165 Madison Ave.
Ste. 2000
Memphis, TN 38103

Honorable Bernice Donald
US DISTRICT COURT